UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CLAYTON MCDERMITT, | ) |
| Petitioner, | ) |
| v. | ) No. 2:16-cv-00114-JMS-MJD |
| BRIAN SMITH, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Clayton McDermitt for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF16-02-63. The Respondent filed a Return to the Order to Show Cause and no reply has been submitted. For the reasons explained in this Entry, McDermitt's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v.*

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On January 21, 2016, Officer Yarbrough wrote a Report of Conduct in case ISF 16-02-0063 charging McDermitt with resisting a staff member. The Report of Conduct states:

> On 1-21-16 at approx. 2319 pm hours, I Officer Yarbrough '371 while conducting a property search on Offender Clayton McDermitt DOC #157037 bunk 36D in 15 North had him approach me from my right side pushing me forward until I was on my knees and then grabbed both of my hands while I was confiscating a white powder substance from a mirror on his box. While on my knees I called a signal 10 and attempted to apply restraints on Offender McDermitt. After several orders to cuff up I applied the restraints and he was escorted out of 15 North. Offender McDermitt was advised of this conduct report and identified by State ID.

(Dkt. 8-1, Exhibit A).

On February 3, 2016, McDermitt was notified of the charge of resisting a staff member and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report." McDermitt was notified of his rights, pled not guilty and requested the appointment of a lay advocate (Dkt. 8-2, Exhibit B). He requested two witnesses, Offenders Hook and Stearnes, and requested video evidence as physical evidence. McDermitt later waived his request for Offender Hook as a witness. *Id.*

The hearing officer conducted a disciplinary hearing in ISF 16-02-0063 on February 5, 2016, and found McDermitt guilty of the charge of resisting a staff member (Dkt. 8-3, Exhibit C). In making this determination, the hearing officer considered and relied on the offenders' statements, staff reports, and video evidence. The hearing officer recommended and approved the following sanctions: a written reprimand, 30 days lost commissary privileges, a suspended 90 day deprivation of earned credit time, a suspended demotion from credit class I to credit class II, and imposition of a previously suspended 60 day deprivation of earned credit time. *Id.*

McDermitt appealed to the Facility Head and Appeal Review Officer without success.

**C. Analysis**

McDermitt filed this petition for writ of habeas corpus in which he first argues that the original charge listed on the Report of Conduct—assault on staff—was impermissibly changed to resisting a staff member. His second and final claim for relief is that there was insufficient evidence to support a resisting staff violation.

In response, the Respondent states that the charge was changed from assault on staff to resisting a staff member before McDermitt was screened. As a result, McDermitt was charged with resisting a staff member throughout the disciplinary process and there was no error. McDermitt does not dispute this assertion and the record is consistent with the Respondent's argument.

Under these circumstances, the due process rights guaranteed to McDermitt under *Wolff* were given to him for the charge of resisting a staff member. McDermitt was given notice two days before the hearing of the charge of resisting a staff member. McDermitt had the opportunity to call witnesses and present documentary evidence in his defense against the charge of resisting a staff member. His hearing was conducted by an impartial decision maker, who provided a sufficient written statement explaining the finding of guilty for the charge of resisting a staff member. No relief is warranted on this basis.

Lastly, there was sufficient evidence to sustain McDermitt's disciplinary conviction for resisting a staff member. McDermitt's claim to the contrary is rejected. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content of the conduct report in No. ISF 16-02-63 that McDermitt was resisting a staff member. This offense is defined as "fleeing or physically resisting a staff

member in the performance of his/her duty." The conduct report written by Officer Yarbrough clearly stated that McDermitt physically resisted the officer's attempts to confiscate the white powdery substance in McDermitt's property. The report also establishes that McDermitt physically resisted Officer Yarbrough's initial attempts to restrain him. This report is "some evidence" that McDermitt was resisting a staff member. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles McDermitt to the relief he seeks. Accordingly, McDermitt's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/10/2017

*[signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

4

Distribution:

Kyle Hunter
INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov

CLAYTON MCDERMITT
157037
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135